This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 35,392**

**MAXWELL GRIEGO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Steven J. Forsberg, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from a conviction for DWI. We issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     In the docketing statement, Defendant raised three issues, all of which are renewed. [DS 14-15; MIO 1-2] Because the pertinent background information was previously set forth, we will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     With respect to the first and second issues, Defendant concedes that the decision in *State v. Montoya*, ___ - NMCA - ___, ___ P.3d ___ (No. 34,298, June 29, 2016), is controlling. Defendant encourages the Court to reconsider that decision. [MIO 1] We decline.

{4}     With respect to the third and final issue, Defendant continues to argue that the trial court refused to consider countervailing evidence. [MIO 1-2] However, the trial court's comments, as a whole, reflect that the trial court duly considered the evidence presented, including the testimony of the witness who discussed uncertainty. [RP 60-62, 64] And ultimately, the trial court's reliance upon the BAT results was permissible. *See id.* ¶ 34 (similarly concluding that "SLD-approved chemical test

results of 0.08 or higher are sufficient" to support convictions for per se DWI, and upholding a conviction where the defendant's breath test results were .08/.08).

{5}     Accordingly, for the reasons stated, we affirm.

{6}     **IT IS SO ORDERED.**


                                              _____
                                              **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**